UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESICA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5987-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1983, has at least a high school education, and previously worked as a cook and floor runner. AR 29, 350. Plaintiff was last gainfully employed on November 27, 2017. AR 19.

On November 27, 2017, Plaintiff applied for benefits, alleging disability as of January 5, 2016. AR 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on August 13, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 14-34. On August 4, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since November 27, 2017.

**Step two**: Plaintiff has the following severe impairments: posttraumatic stress disorder, major depressive disorder, borderline personality disorder, alcohol use disorder, status post right wrist ORIF, fibromyalgia, asthma, esophagitis/bleeding gastric ulcer, joint pain, and lumbar scoliosis and arthropathy.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work subject to a series of further limitations.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-30.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion of Gary Gaffield, D.O. Plaintiff also contends evidence submitted to the Appeals Council undermines the ALJ's decision. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Evidence

In assessing Plaintiff's November 2017 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit. *See* Dkt. 21 at 3-5.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect.  The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate.  *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

    1. Gary Gaffield, D.O.

Dr. Gaffield examined Plaintiff on February 28, 2018 and opined, in relevant part, Plaintiff can frequently perform "[m]anipulative activities," but "would need to avoid reaching

and working overhead for prolonged periods of time due to her previous injury to her right wrist and she is right hand dominant." AR 827. The ALJ found Dr. Gaffield's opinion "very persuasive," although she summarized Dr. Gaffield's assessment as follows: "Dr. Gaffield opined that the claimant had no workplace limitations except for a lifting/carrying restriction to the medium level and a recommendation to avoid reaching and working overhead for prolonged periods of time." AR 28. The ALJ accordingly concluded, in formulating Plaintiff's RFC, Plaintiff is "capable of frequent overhead reach, handle, finger and feel." AR 21.

The ALJ erred by departing from Dr. Gaffield's opinion concerning Plaintiff's ability to reach and work overhead and failing to explain such a departure, as required. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Dr. Gaffield's opinion unambiguously stressed the "*need*" for Plaintiff to "avoid reaching and working overhead for prolonged periods of time[.]" AR 827 (emphasis added). In summarizing Dr. Gaffield's opinion, the ALJ plainly misconstrued its upshot, erroneously finding Dr. Gaffield issued a "*recommendation* to avoid reaching and working overhead for prolonged periods of time." AR 28 (emphasis added). There is a meaningful distinction between a "need" and a "recommendation." *Compare Need*, *Black's Law Dictionary* (11th ed. 2019) ("a requirement") *with Recommendation*, *id.* ("[a] suggestion …"); *cf. Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (discussing "specific imperatives" and "recommendations"). The ALJ thus unreasonably interpreted Dr. Gaffield's opinion and, by extension, formulated an RFC that failed to accurately account for Dr. Gaffield's functional limitations. As Plaintiff contends, remand is thus necessary to afford the ALJ the opportunity to properly assess Dr. Gaffield's opinion.

### B.     Appeals Council Evidence

Plaintiff also argues evidence submitted to the Appeals Council undermined the ALJ's decision.  Dkt. 20 at 2-4.  However, because the ALJ will necessarily evaluate evidence submitted to the Appeals Council on remand, the Court need not reach Plaintiff's assignment of error on this score.  *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Gaffield's opinion, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 19th day of July, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6